UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEVORY W. HICKMON, SR.,

    Plaintiff,

v.                                        Case No. 3:15cv70/MCR/CJK

FEDERAL BUREAU OF
INVESTIGATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a petition for writ of mandamus.  (Doc. 1).  The petition was not accompanied by the filing fee or an application to proceed *in forma pauperis*.  Upon review of the petition and plaintiff's litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g) because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the full filing fee upon initiation of this suit.

    Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances.  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing

fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Judicial notice is taken that plaintiff has accumulated at least three "strikes" in the Middle District of Florida for purposes of 28 U.S.C. § 1915(g). In *Hickmon v. Lawshe*, No. 6:06cv772-JA-JGG (M.D. Fla. July 27, 2006), plaintiff was denied *in forma pauperis* status and his case was dismissed as frivolous. In the report and recommendation entered in that case, it was noted that plaintiff had nine actions dismissed for failing to state a claim or as frivolous. *Id.*, Doc. 5 (*citing Hickmon v. Alpert*, 5:05cv147-WTH-GRJ; *Hickmon v. Stephenson*, 6:03cv1039-ACC; *Hickmon v. Stephenson*, 6:03cv1269-PCF; *Hickmon v. Stephenson*, 6:04cv372-PCF; *Hickmon v. Valerino*, 6:04cv970-GKS-DAB; *Hickmon v. Natalie A. Jackson, P.A.*, 6:05cv1863-PCF-DAB; *Hickmon v. 18th Judicial Circuit Court, et al.*, 6:06cv356-ACC-DAB; *Hickmon v. Seminole County Clerk's Office*, 6:06cv397-GKS-KRS (cause of action for declaratory judgment dismissed with prejudice; remainder of proceedings stayed pending resolution of related state court action); *Hickmon v. Alpert*, 6:06cv656-JA-DAB (claim barred by *res judicata*). Plaintiff's status as a

"three striker" has been recognized in the Northern District of Florida as well. *See Hickmon v. Judge of the 9th Judicial Circuit*, No. 4:07cv184/MP/WCS (N.D. Fla. Aug. 21, 2007).

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*. Plaintiff's petition does not assert that he is under imminent danger of serious physical injury. The petition indicates that, in 2013, federal agents "drugged" plaintiff, then used physical force and threats to steal his property. (Doc. 1). Plaintiff requests that the court issue a writ ordering the Federal Bureau of Investigation to provide compensation for the stolen property. (Doc. 1). Such allegations do not bring plaintiff within the "imminent danger" exception of § 1915(g). Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 2nd day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).